## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SYED A. BABAR | : | |
| vs. | : | CIVIL NO. 3:13CV01095(AWT) |
| UNITED STATES OF AMERICA | : | November 22, 2016 |

## RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION FOR BAIL

Petitioner Syed Babar writes in brief response to address one issue raised in the Government's belated memorandum in opposition to his motion for bail. *See* Dkt. No. 32. The Government writes that "there is no reason to believe [a revised sentence] would be at the bottom of the guidelines with the third point," and that Babar "fails to show anything close to the breadth of rehabilitation that is described in *Pepper* [*v. United States*, 562 U.S. 476 (2011)]." Gov't Mem. (Dkt. No. 32) at 4. As will be demonstrated below, the Government is simply wrong.

## BACKGROUND

On October 17, 2016, Mr. Babar, through undersigned counsel, filed a motion for release on bail pending the Court's decision on his habeas motion. *See* Dkt. No. 31. The Government's response was due on October 31, 2016, but none was filed. On November 15, 2016, the Government filed an opposition motion after inquiry from the Court and over Petitioner's objection. *See* Dkt. No. 32. In the Government's opposition memorandum, it states

> there is no basis to believe [a sentence at the bottom of the revised Guidelines] is likely. Mr. Babar's sentence was at the mid-range of his guidelines without the third point; there is no reason to believe it would be at the bottom of the guidelines with the third point. To address this, Mr. Babar argues that his good conduct in prison would account for the new, low-end of the guidelines sentence upon re-sentencing. Although he bases his argument on *Pepper v. United States*, 562 U.S. 476 (2011), he fails to show anything close to the breadth of rehabilitation that is described in *Pepper*. *See Pepper* at 482-483. *Pepper* fundamentally changed his life between the time he was originally sentenced and his habeas petition. Mr. Babar has made no such showing here.

Gov't Mem. (Dkt. No. 32) at 4.

<strong><u>ARGUMENT</u></strong>

**I.      Mr. Babar Has Substantially Rehabilitated Himself During the 78 Months He Has Spent in Prison**

In *Pepper*, the United States Supreme Court held that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." 562 U.S. at 480. Here, Mr. Babar is not seeking a downward variance from the applicable Guidelines range, which, when properly calculated, is 97-121 months. Rather, he intends to ask the Court to resentence him to 97 months' imprisonment with credit for time served. Because this would result in his immediate release to a halfway house (given his earned credit time), he asks the Court to grant his motion for bail or, in the alternative, promptly schedule a bail hearing.

Mr. Babar's motion should be granted because he is (contrary to the Government's implicit assertion) a changed man. The petitioner in *Pepper* had (1) successfully completed the RDAP program, (2) had enrolled in a local community college and earned all A's in his prior semester, (3) obtained part-time employment, and (4) was in compliance with the conditions of his supervised release and had "changed [his] attitude since his arrest." *Pepper*, 562 U.S. at 482. The Government describes the petitioner in *Pepper* as having "fundamentally changed his life between the time he was originally sentenced and his habeas petition." Gov't Mem. (Dkt. No. 32) at 4. But it goes on to write that Babar "has made no such showing here." *Id*.

The Government's challenge to make such a showing is accepted. As described herein, Mr. Babar, like the petitioner in *Pepper*, has "fundamentally changed his life" since the date of his May

2

2010 arrest and today. For one, Mr. Babar has not received a single disciplinary infraction in the more than six years that he has been incarcerated. But Mr. Babar has accomplished far more in prison than simply staying out of trouble.

Most significantly, Mr. Babar has accepted responsibility for his crime and expressed genuine remorse for the same. *See* Exhibit A: Nov. 8, 2016 Babar Ltr. ("I accept[ ] responsibility from the bottom of my heart."). As Babar writes, "I did my job and told Mr. Hasse in our initial consultation that I am guilty and asked him to seek a plea agreement from the government." *Id*. This is consistent with Babar's Affidavit filed on July 31, 2013. *See* Affidavit (Dkt. No. 1-1) ¶ 1 ("In our initial consultation I told Hasse that I did not want to go to trial and asked him to seek a plea agreement from the government.").

Mr. Babar's extensive rehabilitation is attested to by several letters from inmates and staff at USP Lewisburg. For example, Senior Corrections Officer David T. Eicher writes that

> Babar is very dedicated to his family, his friends and his work detail here at the Facility. I know from my interactions and observations with him and his family in the Camp Visiting Room that they would all like to see him come home. Observing Mr. Babar on a daily basis and seeing positive changes in his attitude following his arrest has made me believe that he should be home to start making changes in his life.

Exhibit B.

Similarly, Chaplain Davis noted on a Certificate of Completion for the "Threshold Program," that he is "thankful for your full support of the Threshold Program here at Lewisburg. Your maturity, thoughtfulness of others and wisdom have been great contributions to our fellowship." *See* Exhibit C. The Threshold Program is a six month, faith-based re-entry program that consist of three phases (Orientation, Personal Growth & Development, and Relationships), with a journaling component.

Fellow inmates have likewise benefitted from Mr. Babar's influence while in prison. Satish Suri, a 59-year-old inmate, explains

> when I arrived at Lewisburg I was entirely lost and fearful and my dignity interest. My feeling of isolation and dislocation was rendered more acute by demographic realities in federal penitentiary. I was incredibly alone then I was approached by Syed Babar who saw that I was lost and afraid. . . . Notwithstanding this cultural rift Syed Babar did not see me as an "Indian" or a "Hindu" but rather a f[e]llow human being in need. He took the time to calm my fears and teach me protocol and procedure. He took the time to help me find a compatible job assignment helping teach and tutor. Most of all his wise and calming presence helped alleviate my fear and anxiety at a crucial juncture.

Exhibit D.

Inmate James Lagona notes that he has known Mr. Babar for over two years and that Babar is "known for his kindness and charity toward his fellow inmates." Exhibit E. Mr. Lagona recounts that "Mr. Babar and I regularly spend time together discussing the similarities between passages in the Bible and the Q'aran, and the teachings of Christianity and Islam, in a genuine search for 'common ground' between the two traditions." *Id*. Mr. Babar, who has worked throughout his time at Lewisburg, would be a great benefit to his community if released. *Id*.

Inmate David J. Olek likewise attests to Mr. Babar's giving nature. He writes that Babar

> immediately introduced himself to me and offered to help me become accustomed to life in a Prison Camp. He loaned me books to read, assisted me in identifying educational courses to take as well as how to sign up to attend my Catholic religious services. I recently was able to teach a Business ACE (Adult Continuing Education) Course and Mr. Babar was one of my students. He was punctual, participative, and assisted others in understanding the course material. On the final exam, he scored 100.

Exhibit F.

Mr. Babar's service to other inmates is demonstrated by the fact that he has referred 29 fellow inmates to the Stratford Career Institute to further their educations. Exhibit G. In 2012 and 2013, Mr. Babar was a GED tutor helping fellow inmates earn their GEDs.

Babar has likewise furthered his own education while in prison. He completed a long-distance college course to become an electrician, and then proceeded to work for 2 years in that area at USP Lewisburg. Babar also completed a Hotel and Restaurant Management Diploma while in prison, *see* Exhibit H, and recently earned two certificates for courses titled "Financial Markets" and "Truth About Business." *See* Exhibit I. At Wyatt, while awaiting this Court's decision on his habeas petition, Mr. Babar has not remained idle. He is currently enrolled in a Legal Assistant/Paralegal long-distance college course and is studying for the Project Management Professional ("PMP") exam.

As noted in Mr. Babar's opening motion, federal district courts have the inherent authority to grant bail to habeas petitioners. *Mapp v. Reno*, 241 F.3d, 221, 226 (2d Cir. 2001). While that authority, admittedly, is "a limited one, to be exercised in special cases only," *id*., this is precisely such a case.

## CONCLUSION

WHEREFORE, the Petitioner, Syed Babar, respectfully renews his request that the Court order him released and conduct a bond hearing in this matter as soon as practicable to discuss appropriate release conditions.

THE PETITIONER,
Syed A. Babar

FEDERAL DEFENDER OFFICE

Dated: November 22, 2016 /s/ David S. Keenan
David S. Keenan
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar no.: ct29707
Email: David_Keenan@fd.org

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 22, 2016, a copy of the foregoing Reply was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ David S. Keenan
David S. Keenan